IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TROY ALEXANDER,

      Plaintiff,

v.

CITY OF SYRACUSE, COUNTY OF ONONDAGA, DETECTIVE RORY GILHOOLEY, and LASHAUNA MONAHAN,

      Defendants.

CIVIL ACTION
No. 5:17-CV-1195 (DNH/TWD)

JURY DEMAND

---

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. Section 1983 and raising supplemental state-law claims concerning the actions of defendant City of Syracuse via its police officers, Detective Rory Gilhooley in unlawfully searching, seizing, arresting and falsely charging the plaintiff, and the Onondaga County District Attorney's office in maliciously prosecuting against plaintiff, and Lashauna Monahan for her acts under color of title as a confidential informant for the Syracuse Police Department.

2. The actions and conduct of the defendant officers, the assistant district attorneys, and the confidential informant are the result of a policy, practice, custom and deliberate indifference on the part of Defendants County of Onondaga and City of Syracuse.

3. A Notice of claim was served. More than 30 days have elapsed since the service of the Notice of Claim action commenced within one (1) year and ninety (90) days after the cause of action.

### JURISDICTION

4. This Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1331, 1343(a)(3), 1343(a)(4), and 1367(a), U.S. Constitution 4th Amendment, U.S. Constitution 14th Amendment, New York Constitutional Torts based upon Article I Section 11, and Article I Section 12, and New York common law Malicious

Prosecution, Defamation Per Se, Slander, and/or Slander Per Se, and/or Libel, Intentional and/or Negligent Infliction of Emotional Distress, False Arrest and False Imprisonment.

## PARTIES

5. Plaintiff, Troy Alexander, age 49, is a male, African-American citizen of the United States, was at all times relevant to this Complaint a resident of the City of Syracuse, County of Onondaga, and State of New York. Plaintiff worked for Defendant City of Syracuse in their Department of Public Works until he was improperly terminated based upon false charges levied by these defendants.

6. Defendant City of Syracuse is a municipality in the State of New York, County of Onondaga and owns, operates, manages, directs, and controls the Syracuse City Police Department, which employs Syracuse Police Officers, as well as, owns, operates, manages, directs, and controls the City of Syracuse Department of Public Works.

7. Defendant County of Onondaga is a municipality in the State of New York and owns, operates, manages, directs and controls the Onondaga County District Attorney's office, which employs Assistant District Attorneys Maureen Berry.

8. Defendant Detective Rory Gilhooley is and was at all times relevant to this Complaint an officer in the Syracuse Police Department. He is sued personally and in his individual capacity.

9. Defendant Lashauna Monahan, upon information and belief, was at all times relevant to this Complaint acted under the authority of Syracuse Police Department as an confidential informant. Upon information and belief, Ms. Monahan may not be used any longer in this capacity.

10. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were joint and severally responsible for the harms caused to plaintiff.

11. At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

12. On October 24, 2016, Detective Rory Gilhooley and other officers with him entered Plaintiff's home without a warrant, consent and/or probable cause, and put Plaintiff out of his home physically.

13. Plaintiff was not allowed to re-enter his residence as it was under the control of Syracuse Police Department.

2

14. On October 24, 2016, Syracuse Police Department caused two of Plaintiff's cars, 2002 Ford Explorer and 2006 Cadillac STS to be towed from his home without a warrant or probable cause.

15. On October 24, 2016, Tereia Duff, a resident of plaintiff's home, was able to enter the residence despite Syracuse Police Officers "securing" of the residence was able to make it to bedroom areas where she was found with marijuana, and drugs near her that they attempted to attribute to plaintiff, although upon their initial sweep of the premises such items were not identified as being present.

16. On October 25, 2016, plaintiff returned to the exterior of his the 1906 S. State property hoping that he would be able to get back into his premises as the actions of the officers made him "homeless." When he approached the outside of his house, he attempted to find out what was going on.

17. Syracuse Police officers continued to deny him entry, and although he informed them he hadn't committed any crimes, they continued with their actions of searching the premises without permission or plaintiff's consent.

18. After being refused access to his property, Plaintiff decided to walk across the street to a convenience store, Middle East Market, to see if he could get a copy of the store's video surveillance, which captured the front of his residence in addition to other areas around the store.

19. As the plaintiff proceeded to walk across the street to the convenience store, he was taken down by Detective Gilhooley.

20. Upon information and belief, as early as October 25th, prior to plaintiff's unlawful arrest, Detective Gilhooley was aware of the surveillance video of Middle East Market, and that it contained evidence that demonstrated plaintiff's innocence.

21. Defendant was taken to Criminal Investigation Division (CID) and Detective Gilhooley attempted to question him. Plaintiff refused to talk to him. After plaintiff continued to refuse to speak and requested an attorney, he was told by Detective Gilhooley that because he didn't want to talk to him he would charge him.

22. As plaintiff was being walked from the Public Safety Building over to the Justice Center Detective Stonecypher told plaintiff in so many words that because he wasn't willing to speak to them which plaintiff understood to mean that Detective Stonecypher was in on his being charged along with Detective Gilhooley he would be sorry.

23. The plaintiff was falsely charged with a variety of criminal offenses including Criminal Possession of a Controlled Substance 3rd (NYS Penal Law Section 220.16), Criminal Possession of a Controlled Substance 7th (NYS Penal Section 220.03) and three (3)

counts of Criminally Using Drug Paraphernalia 2nd [NYS Penal Law Section 220.50(1)-(3)]

24. Between plaintiff's initial arrest, charges, and the charges levied on or about October 30, 2016, upon information and belief, Detective Gilhooley re-interviewed informant, Lashauna Monahan and coerced her to make up information based upon which plaintiff was falsely charged.

25. For example, Monahan's initial statement made no mention that plaintiff was involved, or even present. But after she was forced into another interview, her new statement stated that plaintiff was the black male that participated in raping her. Such a difference is key where in her original statement she never identified the plaintiff as the perpetrator of any of the crimes against her. This is the case even where she identified knowing plaintiff in her initial statement.

26. On or about October 30, 2016, the plaintiff was falsely charged with Rape, Sodomy, and False Imprisonment. A bail of $500,000 was assessed against him, and he was bailed out on that same day. Despite being bailed out on or about October 28th, he was not released.

27. These charges were brought, although Detective Gilhooley had knowledge that the alleged victim was lying and not being truth as evidenced through the video from Middle East Market.

28. On November 3, 2016, plaintiff's bail was paid, and yet plaintiff was not released from custody at the Onondaga County Justice Center.

29. Plaintiff was not released until his attorney was forced to file a habeas corpus motion to force his release in spite of bail having been rendered to defendants.

30. Once plaintiff was released upon the habeas corpus motion, on or about November 7, 2016, the City of Syracuse Department of Public Works used the bogus charges against plaintiff to initiate disciplinary proceedings against him such that he was put on a 10 day suspension for days missed from work due to their actions. These actions included holding him in jail in spite of his innocence, and the fact that plaintiff on two occasions had posted bail and should have been released.

31. The City of Syracuse and the County of Onondaga initiating an unlawful arrest, levying false charges, and holding him in spite of the posting of bail each time, caused the media to report slanderous and libelous statements concerning false charges to the public.

32. Upon information and belief, Lashauna Monahan was pressed into service as a confidential informant by Syracuse Police. Upon information and belief, she was to try to make a controlled buy from plaintiff. But no such buy was made as plaintiff was not involved in any drug activity,

33. At no time did plaintiff commit any offense in violation of the laws of the City of Syracuse, State of New York, or the United States. Upon information and belief, Ms. Monahan's accusations and actions were based upon her work with the Syracuse Police Department and she was conscripted into working with them.

34. Her false accusations included allegations that plaintiff's house was used as the location of rape of her made on or about October 24, 2016, and then again on or about October 28, 2016, when she made a second false report that participated in sexual abuse. Evidence which disputed these accounts and rises to level of Brady was withheld, and a warrant sworn out against plaintiff based upon knowingly false information, as well as, continuing prosecution in light of exculpatory information.

35. On August 22, 2017, the Onondaga County District Attorney office admitted in open court that the video secured from Middle East Market was a key component, as well as, no forensic evidence linking plaintiff to the charged crimes, was responsible for their motion to dismiss charges against the plaintiff. The all criminal charges have been terminated favorable to plaintiff.

36. There was no legal cause to justify the unlawful removal of plaintiff from his house, the taking of his cars, the detention and arrest of the plaintiff, and the institution and maintenance of charges against the plaintiff.

37. At all times relevant to this complaint the conduct of defendant Detective Gilhooley, and ADA Maureen Berry was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

38. As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer psychological harm, and financial losses.

## AS AND FOR A FIRST CAUSE OF ACTION
## (FOURTH AMENDMENT VIOLATION)

39. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs previously set forth.

40. The policies and conduct of the defendants violated his rights to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney(s)' fees, costs and disbursements.

5

42. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### (FOURTEENTH AMENDMENT VIOLATION)

43. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs previously set forth.

44. The policies and intentional conduct of the defendants in furtherance of denial of plaintiff's right to be free from illegal search and seizure, unlawful arrest and malicious prosecution to deprive the plaintiff of his right to equal protection of the law sin violation of the Fourteenth Amend of the United States Constitution.

45. The violations of plaintiff's constitutional rights under the Fourteenth Amendments to the United States Constitution , plaintiff's damages and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of Defendants City of Syracuse and County of Onondaga which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Legal cause to stop, detain, arrest and criminally charge a citizen;
   b. The proper exercise of police powers, including but not limited to the making of an arrest, and the bringing of criminal charges;
   c. The monitoring of officers whom it knew or should have known have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints or misconduct;
   e. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;
   f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrest, and the institution of criminal charges under such circumstance as presented by this case;
   g. The failure to properly sanction or discipline officers who are aware of and conceal and/or abet violations of constitutional rights of citizens by other Syracuse Police officers;
   h. The practice among Syracuse Police officers of instituting false charges against individuals who the officers have subjected to illegal search and seizure, and unlawful arrest with the intention of precluding such individuals from instituting civil claims;
   i. The practice among Onondaga County district attorneys to seek to indict, maintain prosecution against citizens without cause or to withhold Brady material whom the

6

        district attorneys have subjected those unlawfully charged and forced to defend false charges with the intention of precluding such individuals from instituting civil claims;

46. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

47. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NEW YORK STATE CONSTITUTIONAL TORT)

48. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

49. The policies and conduct of the defendants violated his rights to be free of unreasonable searches and seizures in violation of Article I Section 12 of the New York State Constitution.

50. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

51. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NEW YORK STATE CONSTITUTIONAL TORT)

52. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

53. The policies and conduct of the defendants deprived the plaintiff of his right to equal protection of the laws in violation of Article I Section 11 of the New York State Constitution.

54. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

55. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION)

56. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

57. The conduct of all Defendants constituted malicious prosecution because brought knowingly it false charges, continued to pursue a prosecutorial case against plaintiff, including presenting the case before the Grand Jury, held up responses to plaintiff's motions including request for Grand Jury minutes for months on end without any basis in law or fact and without sufficient factual information.

58. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

59. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (DEFAMATION PER SE, SLANDERS, AND/OR SLANDER PER SE, AND/OR LIBEL)

60. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

61. The conduct of Defendants City of Syracuse and County of Onondaga as public/governmental actors to cause false information to be disseminated via media both television and/or print to make false reports concerning plaintiff arrest and/or charges without any basis in law or fact and without sufficient factual information.

62. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

63. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

65. As a direct and proximate result of the intentional acts of the defendants City of Syracuse, County of Onondaga, and Detective Gilhooley described herein, these defendants carried out a campaign of unreasonable search and seizures, false arrest, malicious persecution without sufficient factual information caused the plaintiff to has incur economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury which includes shock, distress, anguish, sorrow, depression, and loss of enjoyment of life.

66. The aforesaid psychological injuries sustained by plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of these defendants.

67. These defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or reckless disregard of the consequences of his actions and as a result plaintiff is entitled to damages in an amount, which exceeds monetary threshold of the Court, the specific amount to be proven at trial.

68. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (FALSE ARREST AND FALSE IMPRISONMENT)

69. Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

70. As a direct and proximate result of the intentional acts of the Defendants City of Syracuse, County of Onondaga, and Detective Gilhooley described herein, these defendants instituted false charges, which resulted in arrest and imprisonment of plaintiff until he made bail. Even when plaintiff made bail, these defendants continued to hold plaintiff until plaintiff's counsel filed a habeas corpus motion to get him released, which actions were taken without sufficient factual information.

71. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

**WHEREFORE,** Plaintiff respectfully requests:

1. Return plaintiff to permanent employment at his prior employer plus award of retroactive pay, seniority status, and all other benefits attendant to the position as f he had never been deprived of his constitutional rights;

2. Enjoining defendants from taking any further unconstitutional actions against plaintiff including the filing of false charges, false arrest, and any resultant campaign to try to "get" plaintiff on pre-textual charges or legal action.

3. Awarding the full amount of compensatory damages as can be proved at trial against all defendants jointly and severally;

4. Awarding the full amount of punitive damages as the jury determines to be appropriate;

5. Awarding reasonable attorney's fees, costs and disbursements; and

6. Granting such other and further relief as to the Court seems just and proper.

Dated: 6-8-2018

Yours, etc.,

K. Felicia Davis, Esq.,
Attorney for the Plaintiff
Bar Roll # 510186
499 S. Warren Street, Suite 614
Syracuse, New York  13202
(315) 383-6388