**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TROY ALEXANDER,**

                **Plaintiff,**

                                              **CITY DEFENDANTS'**
                                              **ANSWER TO PLAINTIFF'S**
                                              **AMENDED COMPLAINT**
    **v.**                                          **Civil Action No.: 5:17-CV-01195**
                                              **(DNH/TWD)**

                                            **JURY TRIAL DEMANDED**

**CITY OF SYRACUSE, COUNTY OF**
**ONONDAGA, DETECTIVE GILHOOLEY,**
**and LASHAUNA MONAHAN,**

                              **Defendants.**
_____

       Defendants **CITY OF SYRACUSE and DETECTIVE GILHOOLEY,** ("City Defendants"), by and through their attorney, KRISTEN E. SMITH, ESQ., CORPORATION COUNSEL OF THE CITY OF SYRACUSE, ERICA CLARKE, Esq., Assistant Corporation Counsel, Of Counsel, as and for an Answer to Plaintiff's Amended Complaint, alleges and shows to the Court as follows:

**PRELIMINARY STATEMENT**

       1.   Defendants **DENY** the allegations contained in paragraph "1" of the Amended Complaint;

       2.   Defendants **DENY** the allegations contained in paragraph "2" of the Amended Complaint;

       3.   Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint herein;

## JURISDICTION

4.   Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "4" of the Amended Complaint;

## PARTIES

5.  Defendants **DENY** the allegations contained in paragraph "5" of the Amended Complaint;

6.  Defendants **DENY** the allegations contained in paragraph "6" of the Amended Complaint;

7.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "7" of the Amended Complaint;

8.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "8" of the Amended Complaint;

9.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "9" of the Amended Complaint;

10.     Defendants **DENY** the allegations contained in paragraph "10" of the Amended Complaint;

11. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "11" of the Amended Complaint;

## FACTUAL ALLEGATIONS

12. Defendants **DENY** the allegations contained in paragraph "12" of the Amended Complaint;

13. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "13" of the Amended Complaint;

14.     Defendants **DENY** the allegations contained in paragraph "14" of the Amended Complaint;

15.  Defendants **DENY** the allegations contained in paragraph "15" of the Amended Complaint;

16.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "16" of the Amended Complaint;

17.  Defendants **DENY** the allegations contained in paragraph "17" of the Amended Complaint;

18.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "18" of the Amended Complaint;

19.  Defendants **DENY** the allegations contained in paragraph "19" of the Amended Complaint;

20.  Defendants **DENY** the allegations contained in paragraph "20" of the Amended Complaint;

21.  Defendants **DENY** the allegations contained in paragraph "21" of the Amended Complaint;

22.  Defendants **DENY** the allegations contained in paragraph "22" of the Amended Complaint;

23.  Defendants **DENY** the allegations contained in paragraph "23" of the Amended Complaint;

24.  Defendants **DENY** the allegations contained in paragraph "24" of the Amended Complaint;

25. Defendants **DENY** the allegations contained in paragraph "25" of the Amended Complaint;

26. Defendants **DENY** the allegations contained in paragraph "26" of the Amended Complaint;

27. Defendants **DENY** the allegations contained in paragraph "27" of the Amended Complaint;

28. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "28" of the Amended Complaint;

29. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "29" of the Amended Complaint;

30. Defendants **DENY** the allegations contained in paragraph "30" of the Amended Complaint;

31. Defendants **DENY** the allegations contained in paragraph "31" of the Amended Complaint;

32. Defendants **DENY** the allegations contained in paragraph "32" of the Amended Complaint;

33. Defendants **DENY** the allegations contained in paragraph "33" of the Amended Complaint;

34. Defendants **DENY** the allegations contained in paragraph "34" of the Amended Complaint;

35. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "35" of the Amended Complaint;

36. Defendants **DENY** the allegations contained in paragraph "36" of the Amended Complaint;

37. Defendants **DENY** the allegations contained in paragraph "37" of the Amended Complaint;

38. Defendants **DENY** the allegations contained in paragraph "38" of the Amended Complaint;

## AS AND FOR A FIRST CAUSE OF ACTION
### (FOURTH AMENDMENT VIOLATION)

39. With respect to paragraph 39, City Defendants **REPEAT AND REALLEGE** their responses to paragraphs 1 through 38 of the Amended Complaint;

40. Defendants **DENY** the allegations contained in paragraph "40" of the Amended Complaint;

41. Defendants **DENY** the allegations contained in paragraph "41" of the Amended Complaint;

42. Defendants **DENY** the allegations contained in paragraph "42" of the Amended Complaint;

## AS AND FOR A SECOND CAUSE OF ACTION
### (FOURTEENTH AMENDMENT VIOLATION)

43. With respect to paragraph 43, Defendants **REPEAT AND REALLEGE** their responses to paragraphs 1 through 42 of the Amended Complaint;

44. Defendants **DENY** the allegations contained in paragraph "44" of the Amended Complaint;

45. Defendants **DENY** the allegations contained in paragraph "45" of the Amended Complaint;

a. Defendants **DENY** the allegations contained in paragraph "45a" of the Amended Complaint;

b. Defendants **DENY** the allegations contained in paragraph "45b" of the Amended Complaint;

c. Defendants **DENY** the allegations contained in paragraph "45c" of the Amended Complaint;

d. Defendants **DENY** the allegations contained in paragraph "45d" of the Amended Complaint;

e. Defendants **DENY** the allegations contained in paragraph "45e" of the Amended Complaint;

f. Defendants **DENY** the allegations contained in paragraph "45f" of the Amended Complaint;

g. Defendants **DENY** the allegations contained in paragraph "45g" of the Amended Complaint;

h. Defendants **DENY** the allegations contained in paragraph "45h" of the Amended Complaint;

i. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "45i" of the Amended Complaint;

46. Defendants **DENY** the allegations contained in paragraph "46" of the Amended Complaint;

47. Defendants **DENY** the allegations contained in paragraph "47" of the Amended Complaint;

## AS AND FOR A THIRD CAUSE OF ACTION
### (NEW YORK STATE CONSTITUTIONAL TORT)

48. With respect to paragraph 48, Defendants **REPEAT AND REALLEGE** their responses to paragraphs 1 through 47 of the Amended Complaint.  Further, with respect to paragraphs 49 through 51 of the Amended Complaint, no answer is necessary as this cause of action has been dismissed pursuant to the Court's Decision and Order dated December 13, 2018.  To the extent that an answer is required, City Defendants **DENY** the allegations contained in paragraphs 49-51 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NEW YORK STATE CONSTITUTIONAL TORT)

52. With respect to paragraph 52, Defendants **REPEAT AND REALLEGE** their responses to paragraphs 1 through 51 of the Amended Complaint.  Further, with respect to paragraphs 53 through 55 of the Amended Complaint, no answer is necessary as this cause of action has been dismissed pursuant to the Court's Decision and Order dated December 13, 2018.  To the extent that an answer is required, City Defendants **DENY** the allegations contained in paragraphs 53-55 of the Amended Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

56. With respect to paragraph 56, Defendants **REPEAT AND REALLEGE** their responses to paragraphs 1 through 55 of the Amended Complaint;

57. Defendants **DENY** the allegations contained in paragraph "57" of the Amended Complaint;

58. Defendants **DENY** the allegations contained in paragraph "58" of the Amended Complaint;

59.  Defendants **DENY** the allegations contained in paragraph "59" of the Amended
Complaint;

## AS AND FOR A SIXTH CAUSE OF ACTION
**(DEFAMATION PER SE, SLANDER[S], AND/OR SLANDER PER SE, AND/OR LIBEL)**

60.  With respect to paragraph 60, Defendants **REPEAT AND REALLEGE** their responses
to paragraphs 1 through 59 of the Amended Complaint.  Further, with respect to paragraphs 61
through 63 of the Amended Complaint, no answer is necessary as this cause of action has been
dismissed pursuant to the Court's Decision and Order dated December 13, 2018.  To the extent that
an answer is required, City Defendants **DENY** the allegations contained in paragraphs 61-63 of the
Amended Complaint.

## AS AND FOR A SIXTH[1] CAUSE OF ACTION
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

64.  With respect to paragraph 64, Defendants **REPEAT AND REALLEGE** their responses
to paragraphs 1 through 63 of the Amended Complaint.  Further, with respect to paragraphs 65
through 68 of the Amended Complaint, no answer is necessary as this cause of action has been
dismissed pursuant to the Court's Decision and Order dated December 13, 2018.  To the extent that
an answer is required, City Defendants **DENY** the allegations contained in paragraphs 65-68 of the
Amended Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(FALSE ARREST AND FALSE IMPRISONMENT)**

69.  With respect to paragraph 69, Defendants **REPEAT AND REALLEGE** their responses
to paragraphs 1 through 68 of the Amended Complaint;

70.  Defendants **DENY** the allegations contained in paragraph "70" of the Amended
Complaint;

---

[1] This cause of action is erroneously numbered a second "Sixth Cause of Action" in Plaintiff's Amended Complaint.

71. Defendants **DENY** the allegations contained in paragraph "71" of the Amended Complaint;

72. Defendants **DENY** all other allegations not specifically admitted herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

72. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of Defendants;

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

73. Some or all of Plaintiff's claims for compensatory and punitive damages are barred by applicable state and federal law;

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

74. Plaintiff has failed to state a claim upon which relief may be granted; any claims for punitive damages violate provisions of the Constitution of the United State and the State of New York;

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

75. To the extent that Plaintiff seeks punitive or exemplary damages within his Complaint against Defendant City or individual defendants in their official capacity, such claims should be dismissed as improper;

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

76. Plaintiff has failed to state a cause of action upon which relief may be granted;

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

77. Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the

Federal Rules of Civil Procedure, thus failing to state a cause of action;

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

78. Some or all of Plaintiff's claims are barred by the applicable statute of limitations;

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

79. Some or all of Plaintiff's causes of action are barred by his failure to comply with

§§50-e, 50-h and 50-i of the GENERAL MUNICIPAL LAW;

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

80. To the extent Plaintiff has failed to mitigate his damages, his claims for

damages are diminished or barred;

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

81. Some or all of the damages alleged in the complaint are barred and/or subject to

the qualifications and limitations of the provisions of Section 4545 of the CPLR;

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

82. Some or all of the Plaintiff's claims are barred because Plaintiff failed to

exhaust his administrative remedies and/or meet conditions precedent to the commencement of this

action as required by law;

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

83. Any and all acts of Defendants and any agents or employees of the City were

justified and in accordance with the law;

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

84.  Any alleged violation of Plaintiff's constitutional rights was not the proximate cause

of Plaintiff's injuries and/or damages;

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

85.  Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal

involvement by the named Defendants in the alleged constitutional violations;

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

86.  Any force used by Defendants and/or any agents or employees of the City was

privileged, reasonable, and necessary;

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

87.  The Complaint fails to state specific acts of conduct attributable to Defendants

that gives rise to liability pursuant to 42 U.S.C. §1983;

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

88.  The Complaint fails to allege the existence of a custom, policy or practice of the

municipal Defendant which gives rise to liability pursuant to 42 U.S.C. §1983;

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

89.  Defendant City does not maintain or allow a policy, custom or practice that

allegedly violated Plaintiff's civil rights;

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

90.  The City of Syracuse maintains adequate policies that are in accordance with State
and Federal Law.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

91.  The Complaint fails to allege actions taken by officials with final policymaking
authority that caused a constitutional violation of Plaintiff's civil rights;

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

92.  Some or all of Plaintiff's claims are barred by Civil Rights Law §78.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

93.  Some or all of Plaintiff's claims are barred under §1981(a) of Title 42 of the United
States Code.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

94.  Plaintiff has failed to plead he has suffered a specific, measurable loss, or otherwise has
failed to plead allegations of special damages.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

95.  Upon information and belief, if Plaintiff obtains any recovery in this action
against Defendants, such recovery and liability against Defendants should be limited pursuant to
Articles 14 and 16 of the CPLR; the liability, if any, of Defendants to Plaintiff for non-economic
loss shall be limited to Defendants' equitable share of the culpable conduct causing or
contribution to the total liability for the non-economic loss of Plaintiff, if any;

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

96.  If Plaintiff suffered any injury or damage, such injury or damage was

caused in whole or in part by a third party acting outside the scope of his employment;

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

97.  The City of Syracuse cannot be held liable for Plaintiff's §1981 or 1983 claims upon a

theory of *respondeat superior*.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

98.  Plaintiff's claims against individual Defendants in their official capacity are duplicative

because claims against a government employee in his official capacity are treated as a claim against

a municipality.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

99.  Any and all acts of Defendants and/or any agents or employees of the City of

Syracuse was privileged, reasonable and necessary and is protected by qualified immunity;

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

100.  Any and all acts of Defendants and/or any agents or employees of the City of

Syracuse was privileged, reasonable and necessary and is protected by absolute immunity;

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

101.  Defendants' actions were not motivated by evil motive or intent and were not

performed with reckless or callous indifference to Plaintiff's federally protected rights;

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

102.  Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous;

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

103.  Some or all of Plaintiff's claims are barred because at all times Defendants acted for legitimate, nondiscriminatory reasons and in accordance with all applicable provisions of federal and state law.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

104.  Plaintiff's claims fail, in whole or in part, based on a lack of personal involvement by the named Defendants in the alleged constitutional violations.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

105.  Any alleged adverse employment action Defendants took against Plaintiff was for legitimate, nondiscriminatory reasons.

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

106.  Plaintiff has failed to allege a duty owed to him by Defendants, nor did he allege that Defendants breached any duty.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

107.  Demand is made for a jury trial on all issues;

**AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

108.  The Court has not obtained personal jurisdiction over each Defendant named in this

14

action because Plaintiff failed to effectuate personal service of the Summons and Complaint;

**AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

109.  Some or all of Plaintiff's claims are barred by res judicata and/or collateral estoppel;

**AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

110.  Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this case;

**AS AND FOR A SEPARATE CROSS-CLAIM
AGAINST DEFENDANTS COUNTY OF ONONDAGA AND LASHAUNA MONAHAN,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

111.  That if Plaintiff was caused to sustain damages at the time and place as set forth in the Amended Complaint, upon information and belief such damages were caused in whole or in part by the active, and primary negligence, recklessness, and/or culpable conduct of co-defendants County of Onondaga and Lashauna Monahan.

112.  If by reason of the allegations contained in the Amended Complaint, answering Defendants are found liable to Plaintiff, answering Defendants demand apportionment of liability, contribution, indemnification and judgment over and against the co-defendants for the amount of Plaintiff's recovery.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's complaint in its entirety with prejudice, with costs, disbursements, and attorney's fees, or in the alternative, a judgment apportioning liability between and determining the ultimate rights of Plaintiff, Defendants, or any culpable third parties, together with reasonable counsel fees and costs

incurred with this action, and for such other and further relief as to the Court may deem just and proper.

Dated: December 17, 2018                      KRISTEN E. SMITH, ESQ.
Syracuse, New York                            CORPORATION COUNSEL
                                              OF THE CITY OF SYRACUSE

                                  By: _____/s/_____
                                      Erica Clarke, Esq.
                                      Assistant Corporation Counsel
                                      Bar Roll No. 520635
                                      Attorney for Defendants
                                      300 City Hall
                                      Syracuse, New York 13202
                                      Tel: (315) 448-8400
                                      Fax: (315) 448-8381


To:     K. Felicia Davis, Esq.
        499 South Warren Street, Suite 614
        Syracuse, New York 13202

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 17, 2018 she filed Defendants' Amended

Answer by electronically filing with the Clerk of the Court herein, which is understood to have

sent notification of such filing electronically to the following:


      K. Felicia Davis, Esq.
      *Attorney for Plaintiff*
      499 South Warren Street, Suite 614
      Syracuse, New York 13202

      Carol Rhinehart, Esq.
      Deputy County Attorney
      *Attorney for Defendant County of Onondaga*
      Onondaga County Law Department
      421 Montgomery Street, 10th Floor
      Syracuse, New York 13202


Dated: December 17, 2018          KRISTEN E. SMITH, ESQ.
Syracuse, New York               CORPORATION COUNSEL
                          OF THE CITY OF SYRACUSE

                     By:       /s/
                         Erica Clarke, Esq.
                         Assistant Corporation Counsel
                         Bar Roll No. 520635
                         Attorney for Defendants
                         300 City Hall
                         Syracuse, New York 13202
                         Tel: (315) 448-8400
                         Fax: (315) 448-8381