UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TROY ALEXANDER,

                        Plaintiff,

                                                          5:17-cv-1195
v.                                                        (DNH/TWD)

CITY OF SYRACUSE, *et al.*,

                        Defendants
_____

APPEARANCES:

K. FELICIA DAVIS, ESQ.
Counsel for Plaintiff

CHRISTINA F. DeJOSEPH, ESQ.
Counsel for Defendants City of Syracuse and Gilhooley

CAROL L. RHINEHART, ESQ.
Counsel for Defendant County of Onondaga

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**ORDER**

     Presently before the Court in this action is Plaintiff's motion to unseal Grand Jury records. (Dkt. No. 63.) Defendant County of Onondaga opposes the motion. (Dkt. No. 65.) Defendants City of Syracuse and Detective Gilhooley did not take any position on the motion.

     The Court held a telephone conference in which oral argument was conducted in connection with the motion on January 28, 2020. At the close of argument I issued a bench decision wherein I granted Plaintiff's motion to unseal the relevant Grand Jury records, and I provided further detail

regarding my reasoning and addressing the specific issues raised in the motion.

After due deliberation, and based up the Court's oral bench decision, which has been transcribed, is attached to this Order and is incorporated in its entirety by reference herein, it is hereby,

**ORDERED**, that Plaintiff's motion (Dkt. No. 63) and Plaintiff's follow up letter motion (Dkt. No. 78) seeking to unseal minutes of the subject Grand Jury proceedings are **GRANTED**; and it is further

**ORDERED**, that Defendant Onondaga County shall provide Plaintiff and the other Defendants with a copy of the subject Grand Jury minutes and any accompanying records by 2/12/2020 pursuant to the parties' confidentiality Order (Dkt. No. 24); and it is further

**ORDERED**, that the pretrial discovery deadlines are reset as follows: fact discovery due 6/15/2020; fact discovery motions due 6/22/2020; Plaintiff's expert disclosure due 7/13/2020; Defendants' expert disclosure due 8/24/2020; expert rebuttal due 9/8/2020; all expert discovery/all discovery due 10/5/2020; expert discovery motions due 10/13/2020; dispositive motions due 11/9/2020.

SO ORDERED.

Dated: January 29, 2020
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　Therèse Wiley Dancks
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
TROY ALEXANDER,

                                Plaintiff,

vs.                              5:17-CV-1195

CITY OF SYRACUSE, et al.,

                                Defendants.
-------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference held on January 28, 2020, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE THÉRÈSE WILEY DANCKS, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | K. FELICIA DAVIS, ESQ.<br>Attorney at Law<br>P.O. Box 591<br>Syracuse, New York  13201-3049 |
| For Defendant:<br>(City of Syr.,<br> Gilhooley) | CITY OF SYRACUSE<br>CORPORATION COUNSEL<br>233 East Washington Street<br>Room 300 City Hall<br>Syracuse, New York  13202<br>  BY:  CHRISTINA F. DeJOSEPH, ESQ. |
| For Defendant:<br>(County of Onon.) | COUNTY OF ONONDAGA<br>Department of Law<br>421 Montgomery Street, 10th Floor<br>Syracuse, New York  13202<br>  BY:  CAROL L. RHINEHART, ESQ. |

1          (In Chambers, Counsel present by telephone.)
2          THE COURT:  Presently before the court is
3   plaintiff's motion seeking to unseal grand jury minutes in
4   the criminal matter against plaintiff related to his claims
5   for illegal search and seizure, false arrest, and malicious
6   prosecution in this action.  The motion is found at Docket
7   63.  The defendant County filed opposition to the motion at
8   Docket Number 65.  The City defendants took no position on
9   the motion.  After due deliberation and consideration of the
10  parties' submissions and what I've heard today, the court
11  finds the following:
12         The plaintiff's motion to unseal the subject grand
13  jury minutes is granted.  Federal Rule of Criminal Procedure
14  Rule 6(e)(3)(E)(i) authorizes a federal court to unseal grand
15  jury records, including state grand jury minutes.  I find the
16  subject grand jury minutes to be relevant and necessary to
17  plaintiff's Section 1983 claims and in order to avoid
18  injustice, the entirety of the record should be disclosed.
19         Plaintiff previously sought the minutes from the
20  relevant county court but was denied access to them.  Here,
21  plaintiff has also made the requisite particularized need
22  showing that there is no other sufficient means to obtain the
23  information, and the need for disclosure outweighs the need
24  for secrecy of the grand jury proceedings.
25         The subject grand jury records are necessary in

regard to the timing of individuals and law enforcement entering the subject premises and the timing of the searches of the premises and the plaintiff's vehicles, all of which go to the heart of whether the defendants had probable cause to arrest plaintiff, search his residence, and prosecute the plaintiff.

Additionally, the court has -- or excuse me. Additionally, the plaintiff has no ability to acquire the information before the grand jury from any other source since one of the main relevant witnesses, Lashauna Monahan, is deceased and had apparently testified before the grand jury.

I also find that the usual reasons for secrecy are not impacted by the disclosure of the grand jury minutes I'm ordering. There's no need for secrecy to prevent the escape of plaintiff or to ensure the freedom of grand jury deliberations or to prevent subornation of perjury or tampering with witnesses.

I'll also add that New York's Criminal Procedure Law has recently been amended, as of January 1, 2020, Section 245.20 of New York's Criminal Procedure Law now provides that grand jury minutes are to be provided to a criminal defendant as part of initial discovery.

So plaintiff's motion at Docket Number 63 and the follow-up letter motion at Docket Number 78 are granted, and the defendant County shall turn over the grand jury minutes

1  in their entirety by a date that I'm going to set in a few
2  minutes.  These records should be turned over pursuant to the
3  stipulated protective order found in Docket Number 24.  So as
4  I said at the outset, I'll issue an order and this ends the
5  part of the transcript that will be attached to the order and
6  incorporated by reference into it.
7                 (Whereupon the proceedings continued.)

1       CERTIFICATE OF OFFICIAL REPORTER

2

3

4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10  transcript of the stenographically reported

11  proceedings held in the above-entitled matter and

12  that the transcript page format is in conformance

13  with the regulations of the Judicial Conference of

14  the United States.

15

16                    Dated this 28th day of January, 2020.

17

18

19                    /S/ JODI L. HIBBARD

20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter

21

22

23

24

25