UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY ALEXANDER,

              Plaintiff,

  -v-                                  5:17-CV-1195

COUNTY OF
ONONDAGA,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

TROY ALEXANDER
Plaintiff *Pro Se*
1906 S. State Street
Syracuse, New York 13205

ONONDAGA COUNTY DEPARTMENT          JOHN E. HEISLER, JR. ESQ.
   OF LAW                            KATHERINE B. FELICE, ESQ.
Attorneys for Defendant County of
   Onondaga
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On October 28, 2017, plaintiff Troy Alexander ("Alexander") filed a

complaint alleging violations of his rights under 42 U.S.C. § 1983 ("§ 1983")

and New York State common law. *Alexander v. City of*

*Syracuse*, --- F. Supp. 3d ----, 2021 WL 5628726, at *1 (N.D.N.Y. Dec. 1, 2021). Initially, those claims were for false arrest, unlawful search and seizure, and malicious prosecution against defendant the County of Onondaga ("Onondaga" or the "County") as well as former defendants the City of Syracuse and Detective Rory Gilhooley (the "City defendants"). *See id.* However, on September 28, 2021, the City defendants moved for summary judgment in their favor against all claims. *Id.* at *11.

On December 1, 2021, upon review of the voluminous record in this case, the Court found no viable claims against the City defendants and granted their motion (the "December 1 decision"). *Alexander*, 2021 WL 5628726, at *1-11, 23-24. But Onondaga never moved for summary judgment, so the claims against the County remained, despite the fundamental flaws in Alexander's complaint the City defendants had identified. *Id.* at *23.

To prevent the futile exercise of letting Alexander's complaint go to trial notwithstanding the Court's very grave concerns about its viability against Onondaga, the Court ordered both plaintiff and the County to show cause why it should not grant summary judgment sua sponte against the remainder of the complaint. *Alexander*, 2021 WL 5628726, at *23.

On December 20, 2021, Onondaga notified the Court, perhaps predictably, that it would not oppose the Court's granting summary judgment against the rest of Alexander's claims, because it could not show cause why those claims

should remain. Dkt. 135, p. 1. Conversely, though at least as predictably, plaintiff opposed the idea. Dkt. 133. Considering the entire record developed in deciding the City defendants' motion for summary judgment, as well as plaintiffs' submissions in opposition to a grant of summary judgment and the additional exhibits plaintiff provided for the present motion practice, this decision follows. *See Alexander*, 2021 WL 5628726, at *1-11.

To that end, summary judgment under Rule 56 is warranted if the parties' submissions show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute of a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant bears the burden of pointing the court to the materials that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Additionally, a court considering a summary judgment motion "must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citing *Jeffreys v. City of New York*, 426 F.3d 549, 553

(2d Cir. 2005)).  Even so, a non-movant's conclusory allegations without support from record evidence are insufficient: the non-movant must "put up or shut up."  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).  At bottom, summary judgment tasks the Court with assessing the assembled evidence and determining whether a reasonable factfinder could find in the nonmovant's favor.  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

However, a court may also grant summary judgment for a nonmovant. FED. R. CIV. P. 56(f)(1).  Before going down that road, though, a court must afford the parties "notice and a reasonable time to respond."  *In re 650 Fifth Ave & Related Props.*, 830 F.3d 66, 96 (2d Cir. 2016).  In addition, the court must "identify[ ] for the parties material facts that may not be genuinely in dispute."  *Id.*

In the December 1 decision, the Court went on at great length concerning several fundamental flaws in Alexander's claims.  *Alexander*, 2021 WL 5628726, at *12-23.  The Court also dutifully afforded both parties more than a month to respond and explain how any of plaintiff's claims against Onondaga were viable in light of the Court's disposition of the claims against the City defendants.  *Id.* at *23.

In response, Alexander has raised three arguments that his claims should nevertheless survive against Onondaga.  Dkt. 133, p. 2.  First, he posits that

the Syracuse City Court ordered his immediate release on bail, and the failure to release him qualifies as a false arrest. *Id.* The problem with this argument is that it is just that: argument. Nowhere has he provided any evidence to support the notion that the city court judge ordered his immediate release. *See generally*, *id. passim*. The only evidence available on that point is the document ordering his release, which was entirely silent on when he was to be released. *Alexander*, 2021 WL 5628726, at *19.

And of course, an unsupported statement in a memorandum of law cannot overcome record evidence. *See, e.g.*, *Sutton v. City of Yonkers*, 2015 WL876459, at *3 (S.D.N.Y. Mar. 2, 2015) (adopting magistrate judge's report and recommendation granting summary judgment against false arrest and false imprisonment claims because defendant pointed to lack of record evidence to meet plaintiff's burden of proof and plaintiff did not meaningfully respond). By extension, this line of argument fails and cannot save Alexander's claim.[1] *See id.*

Second, Alexander once again urges that he was improperly denied the right to testify before the grand jury in violation of New York law as evidence

---

[1] To whatever extent plaintiff claims that he was improperly held after the second time he paid bail, he still has yet to provide any evidence that he was ordered to be released immediately. As a result, plaintiff has still failed to create a genuine issue of material fact for any of his claims involving his bail. *See Alexander*, 2021 WL 5628726, at *18-19 (pointing out that release on bail need only be immediate if judge granting bail orders immediate release and explaining that plaintiff has failed to provide any evidence of immediate release order).

5

of malicious prosecution. Dkt. 133, pp. 5-8. However, as the Court noted in the December 1 decision, plaintiff appeared to have voluntarily withdrawn his request to testify through a letter from his criminal defense attorney. *Alexander*, 2021 WL 5628726, at *22. According to plaintiff, though, his attorney never consulted him before sending the letter. Dkt. 133, pp. 6-7. Instead, his defense attorney unilaterally withdrew his request to testify against his wishes. *Id.*

Yet once again, Alexander has provided no evidentiary support for this claim. That alone still merits dismissal. *See, e.g.*, *Sutton*, 2015 WL876459, at *3. But even if it did not, plaintiff has not even alleged—much less proven— that Onondaga knew that his attorney had overridden his wish to testify.

To prove out a claim of malicious prosecution, Alexander must demonstrate that Onondaga prosecuted him with an improper motive. *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 497 (N.D.N.Y. 2017) (explaining that "malice" means commencing criminal proceeding due to wrong or improper motive). Plaintiff cannot prove any improper motive on the County's part through a theory that does not even establish that the County knew that anything was amiss. Accordingly, even if defendant could support his allegations that his attorney overrode his wishes in withdrawing his request to testify before the grand jury, those allegations would not support his false arrest claim against the County in any case.

6

Third, Alexander argues that he was twice prosecuted for the same possession of a controlled substance charge. Dkt. 133, pp. 8-10. Once again, though, he has failed to back that claim up. On the contrary, the exhibit he supplied purportedly to support that claim demonstrates that the charges he claims were identical were in fact different. *Id.* at 33-34. One of the sets of charges to which plaintiff objects was for criminal possession of a controlled substance, and the other was for criminal use of drug paraphernalia. *Id.*

Charging Alexander for two different crimes based on two different sets of evidence cannot support a claim for malicious prosecution. *See Alexander*, 2021 WL 5628726, at *8 (explaining that plaintiff was charged with possession of controlled substance for chunk of cocaine found in his room and possession of drug paraphernalia for cutting agent, baggies, and scales also found in his room). Accordingly, plaintiff has pointed to no disputes of material fact that would justify his claims surviving to trial against Onondaga. Summary judgment must be granted.

Therefore, it is

ORDERED that

1. Summary judgment is GRANTED against plaintiff Troy Alexander's claims against defendant the County of Onondaga; and

2. Plaintiff Troy Alexander's complaint is dismissed in its entirety.

7

The Clerk of Court is directed to close the case file and enter judgment accordingly.

IT IS SO ORDERED.

Dated: January 6, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge