UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY ALEXANDER,

                Plaintiff,

  -v-                              5:17-CV-1195

CITY OF SYRACUSE; COUNTY OF
ONONDAGA; and DETECTIVE RORY
GILHOOLEY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

TROY ALEXANDER
Plaintiff *Pro Se*
1906 S. State Street
Syracuse, New York 13205

CITY OF SYRACUSE OFFICE          DANIELLE PIRES, ESQ.
   OF THE CORPORATION COUNSEL  PATRICK R. BLOOD, ESQ.
Attorneys for Defendants City of       SARAH MAE
   Syracuse and Rory Gilhooley            KNICKERBOCKER, ESQ.
233 East Washington Street
Room 300 City Hall
Syracuse, New York 13202

ONONDAGA COUNTY DEPARTMENT    JOHN E. HEISLER, JR. ESQ.
   OF LAW                               KATHERINE B. FELICE, ESQ.
Attorneys for Defendant County of
   Onondaga
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

On October 28, 2017, plaintiff Troy Alexander ("Alexander" or "plaintiff") filed a complaint in this district alleging violations of his constitutional rights under 42 U.S.C. § 1983 ("§ 1983") against defendants the City of Syracuse, Rory Gilhooley (together "the City defendants"), and the County of Onondaga. Dkt. 1.  On September 28, 2021, the City defendants filed a motion for summary judgment under Federal Rule of Civil Procedure ("Rule") 56, seeking dismissal of the complaint in its entirety as to them.  Dkt. 119.  The Court granted that motion on December 1, 2021 and dismissed the City defendants from the case.  Dkt. 130.

On February 4, 2022, the City defendants moved to recover the costs they incurred defending themselves from Alexander's lawsuit.  Dkt. 143.  Plaintiff never responded to the City defendants' motion, so the Court will decide it based on the City defendants' submissions and without oral argument.[1]

Under Rule 54(d)(1), "[u]nless a federal statute, the[ R]ules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A prevailing party is one who caused a "material alteration of the legal relationship of the parties" in his favor.  *See*

---

[1] Plaintiff appealed the Court's eventual dismissal of his entire complaint.  Dkt. 141. Nevertheless, the Court retains jurisdiction to consider the ancillary matter of assessing costs.  *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (noting that "whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters" (cleaned up)).

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). By filing a motion for summary judgment that resulted in the dismissal of every claim Alexander asserted against them, the City defendants were plainly the prevailing party.

As for what costs the City defendants may recover, a plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying. *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019). The City defendants have applied for costs in the amount of $2,555.33, broken down as follows: (1) $120.00 for service of process; (2) $2,344.25 for deposition transcripts; and (3) $91.08 in appearance fees for deponents.

Obviously enough, the $120.00 fee for service of process is recoverable. *Korzeniewski*, 2019 WL 312149, at *12.

Regarding the transcripts, a prevailing party may recover fees for transcripts "necessarily obtained for use in the case." *Camarata ex rel. C.C. v. Polaris Indus., Inc.*, 2018 WL 3031848, at *3 (N.D.N.Y. June 19, 2018) (citing 28 U.S.C. § 1920). As the City defendants correctly note, those transcripts were essential in supporting their motion for summary judgment. Thus, they may recover those costs.

However, appearance fees for a deposition are typically not taxable. *See, e.g., PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*,

3

2017 WL 473910, at *2 (N.D.N.Y. Feb. 3, 2017).  Thus, the City defendants may not recover the remaining $91.08 for appearance fees.  Instead, the total amount the City defendants may recover for their defense against Alexander's complaint is $2,464.25.

Therefore, it is

ORDERED that

1. Defendants the City of Syracuse and Detective Rory Gilhooley's motion for taxation of costs is GRANTED in part and DENIED in part;

2. Defendants the City of Syracuse and Detective Rory Gilhooley's motion is denied to the extent that they attempt to recover $91.08 in appearance fees for deposition witnesses; and

3. Defendants the City of Syracuse and Detective Rory Gilhooley are awarded $2,464.25 in costs defending this action.

IT IS SO ORDERED.

Dated: March 7, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge